1  MORGAN, LEWIS & BOCKIUS LLP
   David L. Schrader, Bar No. 149638
2  david.schrader@morganlewis.com
   300 South Grand Avenue
3  Twenty-Second Floor
   Los Angeles, CA  90071-3132
4  Tel: +1.213.612.2500
   Fax 1.213.612.2501
5
   Mark A. Feller, Bar No. 319789
6  mark.feller@morganlewis.com
   One Market, Spear Street Tower
7  San Francisco, CA  94105-1126
   Tel: +1.415.442.1000
8  Fax: +1.415.442.1001

9  *Attorneys for Defendant*
   TESLA, INC.
10

                        Brian M. Ercole
                        (*pro hac vice*)
                        brian.ercole@morganlewis.com
                        Melissa M. Coates
                        (*pro hac vice*)
                        melissa.coates@morganlewis.com
                        600 Brickell Ave, Suite 1600
                        Miami, FL  33131-3075
                        Tel: +1.305.415.3000
                        Fax: +1.305.415.3001

11              UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
12

13  DAVID BUI-FORD, WILLIAM WALKER,          Case No. 3:23-CV-002321-JST
    AFZAL DAMJI, CHANRITHY MEAS, SUN
14  CAO, ROGER SCULLION, EDWARD              **DEFENDANT TESLA, INC.'S**
    RUMANN, JAMIE SCHAEFER, THEODORE         **ANSWER AND AFFIRMATIVE**
15  SMITH, ALLYSON BOMHOF, VICTOR            **DEFENSES TO PLAINTIFFS' FIRST**
    MANUEL, CHARLES WARD, ANDREW             **AMENDED CLASS ACTION**
16  BUCKLIN, and LUCAS BUTLER, on behalf of  **COMPLAINT**
17  themselves and others similarly situated,
                                             Complaint filed:  May 12, 2023
18                         Plaintiffs,
19
               v.
20
    TESLA, INC. d/b/a TESLA MOTORS, INC., a
21  Delaware corporation,
22
                           Defendant.
23

24          Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Tesla, Inc. ("Tesla")

25  hereby files and serves its Answer and Affirmative Defenses to Plaintiffs' David Bui-Ford ("Bui-

26  Ford"), William Walker ("Walker"), Afzal Damji ("Damji"), Chanrithy Meas("Meas"), Edward

27  Rumann ("Rumann"), Jamie Schaefer ("Shaefer"), Theodore Smith ("Smith"), Allyson Bomhof

28

("Bomhof"), Victor Manuel ("Manuel"), Charles Ward ("Ward"), Andrew Bucklin ("Bucklin"), and Lucas Butler ("Butler") (collectively "Plaintiffs") First Amended Class Action Complaint ("Complaint"). Paragraph numbers in this Answer correspond to the paragraph numbers of the Complaint up to the Affirmative Defenses section. To the extent the headings in Plaintiffs' Complaint, which are separate and apart from the numbered allegations, are intended to be allegations as opposed to mere argument, they are denied.

## I.    INTRODUCTION

1.    Allegations regarding what a reasonable consumer expects constitute legal conclusions or legal arguments, to which no response is required, and they are therefore denied. Tesla denies the remaining allegations in Paragraph 1 of the Complaint, including that Tesla has interfered with the performance of Tesla vehicles through software updates.

2.    Tesla admits only that it makes software updates available for Model S and Model X vehicles for customers to install and that such updates can be installed by a customer without bringing a Model S or a Model X vehicle into a dealership. The remaining allegations in Paragraph 2 of the Complaint are denied.

3.    Tesla admits that software updates do not deplete the battery and reduce the driving range of Tesla vehicles. Tesla denies the remaining allegations in Paragraph 3 of the Complaint.

4.    Tesla admits only that Tesla owners can connect to Wi-Fi from their homes or businesses in order to download software updates made available by Tesla and that the screenshot included in Paragraph 4 of the Complaint displays a request by Tesla for authorization by a customer to install a software update. By way of further answer, the screenshot displayed in Paragraph 4 speaks for itself and any characterization is denied. The remainder of the allegations in Paragraph 4 of the Complaint are denied.

5.    Denied.

6.    The document on which Paragraph 6 of the Complaint is itself, as referenced in footnote one, speaks for itself and any characterization is denied. By way of further answer, Tesla

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

2

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

batteries are subject to a Battery and Drive Unit Limited Warranty. Tesla denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.     Tesla denies that the arbitration clause contained within its purchase agreement is "draconian." Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 7, particularly given that Plaintiffs have refused to provide the VIN numbers for their vehicles despite multiple requests, and they are therefore denied.

8.     Paragraph 8 contains Plaintiffs' description of the action, to which no response is required. To the extent that any response is required, Tesla denies the allegations of Paragraph 8, including that a class can be certified in this case, that this matter is appropriate for class certification, or that Plaintiffs have stated or can prove a viable claim. In addition, the Court's February 20, 2024 Order dismissed numerous claims from this action.

## II.     PARTIES

9.     Denied. The Court dismissed Sun Cao in its February 20, 2024 Order (ECF No. 41), and Roger Scullion voluntarily dismissed his claims on September 20, 2023 (ECF No. 32). The Court's February 20, 2024 Order dismissed the claims of other Plaintiffs. Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in the chart listed in Paragraph 9, including the state of residence and model year vehicle of each remaining named Plaintiff, and they are therefore denied.

A.     **Plaintiffs**

1.     **California Plaintiffs**

a.     **David Bui-Ford**

10.     Tesla is without sufficient information to form a belief as to the truth of the allegations in Paragraph 10 and they are therefore denied.

11.     Tesla denies that any software update caused harm to the battery of Plaintiff Bui-Ford's used vehicle or that he did not consent to software updates. Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 11 and they are therefore denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

3

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

### b.    William Walker

12.    Tesla is without sufficient information to form a belief as to the truth of the allegations in Paragraph 12 and they are therefore denied.

13.    Tesla denies that any software update caused harm to the battery of Plaintiff Walker's used vehicle or that he did not consent to software updates.  Tesla is without sufficient information to form a belief as to the truth of the allegations in Paragraph 13 and they are therefore denied.

### c.    Afzal Damji

14.    Tesla is without sufficient information to form a belief as to the truth of the allegations in Paragraph 14 and they are therefore denied.

15.    Tesla denies that any software update caused harm to the battery of Plaintiff Damji's used vehicle or that he did not consent to software updates.  Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 15 and they are therefore denied.

### d.    Chanrithy Meas

16.    Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 16 and they are therefore denied.

17.    Tesla denies that any software update caused harm to the battery of Plaintiff Meas' used vehicle or that he did not consent to software updates.  Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 17 and they are therefore denied.

### e.    Roger Scullion

18.    Plaintiff Scullion voluntarily dismissed his claims on September 20, 2023 (ECF No. 32).

19.    Plaintiff Scullion voluntarily dismissed his claims on September 20, 2023 (ECF No. 32).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

4

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

20.    Plaintiff Scullion voluntarily dismissed his claims on September 20, 2023 (ECF No. 32).

**f.    Edward Rumann**

21.    Tesla is without sufficient information to form a belief as to the truth of the allegations in Paragraph 21 and they are therefore denied.

22.    Tesla denies that any software update caused harm to the battery of Plaintiff Rumann's used vehicle or that he did not consent to software updates.  Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 22 and they are therefore denied.

23.    Tesla denies that any software update caused harm to the charging capacity of Plaintiff Rumann's used vehicle.  Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 23 and they are therefore denied.

**2.    Arizona Plaintiff**

**a.    Jamie Schaefer**

24.    Tesla denies that any software update caused harm to the battery of Plaintiff Schaefer's used vehicle or that she did not consent to software updates.  Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 24 and they are therefore denied.

25.    Denied.

**3.    Florida Plaintiff**

**a.    Theodore Smith**

26.    Tesla denies that any software update caused harm to the battery of Plaintiff Smith's used vehicle or that he did not consent to software updates.  Tesla is without sufficient information to form a belief as to the truth of the allegations in Paragraph 26 and they are therefore denied.

**4.    Michigan Plaintiff**

**a.    Allyson Bomhof**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

5

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

27.    Tesla denies that any software update caused harm to the battery of Plaintiff Bomhof's used vehicle or that she did not consent to software updates.  Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 27 and they are therefore denied.

28.    Denied.

**5.    Texas Plaintiffs**

      **a.    Victor Manuel**

29.    Tesla denies that any software update caused harm to the battery of Plaintiff Manuel's used vehicle or that he did not consent to software updates.  Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 29 and they are therefore denied.

30.    Denied.

      **b.    Charles Ward**

31.    Tesla denies that any software update caused harm to the battery of Plaintiff Ward's used vehicle or that he did not consent to software updates.  Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 31 and they are therefore denied.

**6.    Virginia Plaintiff**

      **a.    Andrew Bucklin**

32.    Tesla denies that any software update caused harm to the battery of Plaintiff Bucklin's used vehicle or that he did not consent to software updates.  Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 32 and they are therefore denied.

33.    Denied.

**7.    Washington Plaintiff**

      **a.    Lucas Butler**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

6

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

34.     Tesla denies that any software update caused harm to the battery of Plaintiff Butler's used vehicle or that he did not consent to software updates.  Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 34 and they are therefore denied. Tesla is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 34 and they are therefore denied.

**B.      Defendant**

35.     Tesla admits only that it is a Delaware corporation, that it designs, manufactures, and sells electric vehicles, that Tesla sold new Model X and S vehicles to customers in the United States, including California, and that Tesla has its headquarters in Austin, Texas.  The remaining allegations in Paragraph 35 are denied, including that Tesla sold Model X or S vehicles to the remaining Plaintiffs in this action.

36.     Tesla admits only that it had its headquarters in California prior to 2021, that it purchased a factory from Toyota in Fremont, California and operated that factory, and that Tesla moved its headquarters from California to Austin, Texas in 2021, prior to this lawsuit.  The websites and articles referenced in Paragraph 36 of the Complaint speak for themselves, and any characterization and corresponding allegations are denied.  Tesla denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.     Tesla admits only that it has a factory that manufacturers megapacks in Lathrop California, that it has office space and facilities in Palo Alto, California, and that software updates are developed in part at Tesla facilities in Palo Alto, California.   The websites and articles referenced in Paragraph 37 of the Complaint speaks for themselves, and any characterization and corresponding allegations are denied.  Tesla denies the remaining allegations in Paragraph 37.

38.     Tesla admits only that it regularly conducts business in California, owns showrooms and service centers in California, and designs, tests, and manufacturers certain vehicles, in part, in California. Tesla's "website" and the unidentified "publicly filed financial reports" speak for themselves, and any characterization is denied. Tesla denies the remaining allegations in Paragraph 38.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

7

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

39.    Tesla admits only that it sells vehicles directly to consumers.  Plaintiffs' allegations that Tesla "controls[s]" Tesla authorized showrooms and that they function as "agents" of Tesla are legal conclusions, to which no response is required, and they are denied.  Tesla denies the remaining allegations in Paragraph 39.

40.    Tesla admits only that it has showrooms and service centers in California and Texas and that it sells or leases vehicles in those states.  Tesla denies the remaining allegations in Paragraph 40.

## II.    PARTIES

41.    The allegations contained in Paragraph 41 of the Complaint are conclusions of law regarding subject matter jurisdiction, to which no response is required, and they are therefore denied.  By way of further response, Tesla denies that Plaintiffs have standing to bring their claims.

42.    The allegations contained in Paragraph 42 of the Complaint are conclusions of law regarding subject matter jurisdiction, to which no response is required, and they are therefore denied.  By way of further response, Tesla denies that Plaintiffs have standing to bring their claims and that this action is appropriately brought as a class action or that any class can be certified.

43.    Tesla admits only that it is registered to do business in California and that Telsa has transacted business in California.  The allegations in Paragraph 43 regarding "personal jurisdiction" are conclusions of law, to which no response is required, and they are therefore denied.  Tesla denies the remaining allegations in Paragraph 43, including that has engaged in any statutory violation or tortious conduct.

44.    Tesla admits that it transacts business in California, including in the Northern District of California.  By way of further response, the allegations contained in Paragraph 44 of the Complaint concerning "venue" are conclusions of law, to which no response is required, and they are therefore denied.  Tesla denies the remaining allegations in Paragraph 44.

## IV.    FACTUAL ALLEGATIONS

45.    Tesla admits only that it releases software updates for Tesla vehicles.  The screenshot in Paragraph 45 of the Complaint speaks for itself, and any characterization is denied. The remaining allegations in Paragraph 45 are denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

8

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

46.    The screenshot in Paragraph 46 of the Complaint speaks for itself, and any characterization is denied.  The remaining allegations in Paragraph 46 are denied.

47.    The website screenshot in Paragraph 47 of the Complaint speaks for itself, and any characterization is denied.   The remaining allegations in Paragraph 47 are denied.

48.    The website screenshot in Paragraph 48 of the Complaint speaks for itself, and any characterization is denied.  The remaining allegations are denied.

49.    The unidentified source of the quote from Paragraph 49 speaks for itself, and any characterization is denied.   Tesla denies the remaining allegations in Paragraph 49, including that customers do not elect to install software updates in the first instance.

50.    Denied.

51.    Denied.  By way of further response, the unidentified "sales contract" referenced in Paragraph 51 speaks for itself, and any characterization is denied.

52.    Denied.

53.    The document referenced in Paragraph 53 speaks for itself, and any characterization is denied.  Tesla denies the remaining allegations contained in Paragraph 53 of the Complaint, including that Tesla has made any misrepresentations regarding battery life.

54.    The reports referenced in Paragraph 54 speak for themselves, and any characterization is denied.  Tesla denies the remaining allegations in Paragraph 54 of the Complaint, including that Telsa has made any misrepresentations regarding battery life.

55.    The report referenced in Paragraph 55 speaks for itself, and any characterization is denied.

56.    Denied.

57.    Denied.

58.    Tesla admits that it performs evaluations, analyses, and/or testing of its vehicles.  By way of further answer, Tesla is without sufficient information to form a belief as to what all other "automobile manufacturers" do, so it denies that allegation.  Tesla denies the remaining allegations in Paragraph 58.

59.     Tesla admits that it receives and analyzes certain consumer complaints and field data about its vehicles, including repair requests. Tesla denies the remaining allegations in Paragraph 59.

60.     Denied.

61.     Tesla denies that there is any "battery defect following software updates." By way of further answer, the anonymous consumer reports referenced in Paragraph 61 speak for themselves and any characterization is denied. Tesla denies the remaining allegations in Paragraph 61.

62.     Tesla denies that software updates can and do lead to battery depletion. By way of further answer, the complaint from a separate action referenced Paragraph 62 speaks for itself and any characterization is denied. The remaining allegations in Paragraph 62 are denied.

63.     The documents referenced in Paragraph 63 of the Complaint speaks for themselves, and any characterization is denied. Telsa denies the remaining allegations in Paragraph 63.

64.     The documents referenced in Paragraph 64 of the Complaint, including the declaration and settlement agreement from the action captioned *Rasmussen v. Tesla, Inc.*, No. 19-cv-04596 BLF (N.D. Cal. Aug. 7, 2019) ("*Rasmussen* Action"), speak for themselves, and any characterization is denied. Tesla denies the remaining allegations in Paragraph 64 of the Complaint.

65.     Tesla admits only that final approval of the *Rasmussen* Action settlement was entered on June 21, 2022. By way of further answer, the *Rasmussen* settlement agreement provides that "Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Tesla of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, nor as an admission or concession by Plaintiff of any lack of merit of his claims against Tesla." *Rasmussen* Settlement, No. 19-cv-04596 BLF, ECF No. 49-2, at Section VIII(B). Tesla denies the remaining allegations in Paragraph 65 of the Complaint.

## V.     CLASS ACTION ALLEGATIONS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

10

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

66.     Tesla admits only that Plaintiffs purport to bring this action as a class action on behalf of themselves and a class of persons who purchased or leased a Tesla Model S or Tesla Model X.  Tesla denies the remaining allegations in Paragraph 66 of the Complaint, including that any class can or should be certified.

67.     Tesla admits only that Plaintiffs purport to bring this action on behalf of various classes.  Tesla denies the remaining allegations in Paragraph 67, including that any class can or should be certified.

68.     Tesla admits only that Plaintiffs purport to exclude certain categories of individuals from the putative class definitions.  Tesla denies the remaining allegations in Paragraph 68, including that any class can or should be certified or that Plaintiffs can cure any deficiency by amending their putative class definitions.

69.     The allegations in Paragraph 69 of the Complaint state legal conclusions, to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 69, including that Plaintiffs can prove the elements of their claims or meet the requirements for class certification.

70.     The allegations in Paragraph 70 of the Complaint state legal conclusions, to which no response is required.  To the extent a response is required, Tesla denies all allegations in Paragraph 70, including that Plaintiffs can meet the requirements for class certification.

71.     The allegations in Paragraph 71 of the Complaint state legal conclusions, to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 71, including that class members have suffered any damages, that Tesla should have to compensate any putative class members, and that Plaintiffs can meet the requirements for class certification.

72.     The allegations in Paragraph 72 of the Complaint state legal conclusions, to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 72, including that Plaintiffs can meet the requirements for class certification or that any class can be certified.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

11

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

73.    The allegations in Paragraph 73 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 73, including that Plaintiffs can meet the requirements for class certification or that any class can be certified.

74.    The allegations in Paragraph 74 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 74, including that Plaintiffs can meet the requirements for class certification or that any class can be certified.

75.    The allegations in Paragraph 75 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 75, including that Plaintiffs can meet the requirements for class certification or that any class can be certified.

76.    The allegations in Paragraph 76 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Tesla denies the allegations in Paragraph 76, including that Plaintiffs can meet the requirements for class certification or that any class can be certified.

## VI.    CAUSES OF ACTION

**A.    Claims brought on behalf of the Nationwide Class, or in the alternative, on behalf of the Sub-Classes**

### COUNT ONE

### RESPONSE TO ALLEGATIONS AS TO COMPUTER FRAUD AND ABUSE ACT
### (18 U.S.C. § 1030 *et seq.*)

77.    No responsive pleading is required for the allegations in Paragraph 77 of the Complaint.  Tesla hereby incorporates by references its responses to the preceding paragraphs as if fully set forth herein.  By way of further answer, the Court's February 20, 2024 Order dismissed the claims under the Computer Fraud And Abuse Act brought by Plaintiffs Bui-Ford, Cao, Walker, Damji, Rumann, Schaefer, Meas, Ward, and Butler.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

12

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

78.     Tesla admits only that Plaintiffs purport to bring this claim individually and on behalf of putative classes.  Tesla denies the remaining allegations in Paragraph 78, including that any class can be certified.

79.     Paragraph 79 of the Complaint purports to characterize a statute that speaks for itself, and any characterization is denied.  By way of further response, the allegations in Paragraph 79 of the Complaint contain conclusions of law and they are therefore denied.

80.     Paragraph 80 of the Complaint purports to characterize a statute that speaks for itself, and any characterization is denied.  By way of further response, the allegations in Paragraph 80 of the Complaint contain conclusions of law and they are therefore denied.

81.     Paragraph 81 of the Complaint purports to characterize a statute that speaks for itself, and any characterization is denied.  By way of further response, the allegations in Paragraph 81 of the Complaint contain conclusions of law and they are therefore denied.

82.     Paragraph 82 of the Complaint purports to characterize a statute that speaks for itself, and any characterization is denied.  By way of further response, the allegations in Paragraph 82 of the Complaint contain conclusions of law and they are therefore denied.

83.     Paragraph 83 of the Complaint purports to characterize a statute that speaks for itself, and any characterization is denied.  By way of further response, the allegations in Paragraph 83 of the Complaint contain conclusions of law and they are therefore denied.

84.     Paragraph 84 of the Complaint purports to characterize a statute that speaks for itself, and any characterization is denied.  By way of further response, the allegations in Paragraph 84 of the Complaint contain conclusions of law and they are therefore denied.

85.     Paragraph 85 of the Complaint purports to characterize a statute that speaks for itself, and any characterization is denied.  By way of further response, the allegations in Paragraph 84 of the Complaint contain conclusions of law and they are therefore denied.

86.     Paragraph 86 of the Complaint purports to characterize a statute that speaks for itself, and any characterization is denied.  By way of further response, the allegations in Paragraph 86 of the Complaint contain conclusions of law and they are therefore denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

13

TESLA'S ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 3:23-CV-02321

87.    The allegations in Paragraph 87 of the Complaint contain conclusions of law, to which no response is required, and they are denied.  To the extent the remaining allegations in Paragraph 87 are deemed in whole or in part to be factual, Tesla denies them.

88.    The allegations in Paragraph 88 of the Complaint contain conclusions of law, to which no response is required, and they are denied.  To the extent the remaining allegations in Paragraph 88 are deemed in whole or in part to be factual, Tesla denies them.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

**COUNT TWO**

**RESPONSE TO ALLEGATIONS AS TO CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT (Cal. Penal Code § 502, *et seq.*)**

98.    No responsive pleading is required for the allegations in Paragraph 98 of the Complaint.  Tesla hereby incorporates by references its responses to the preceding paragraphs as if fully set forth herein.  By way of further answer, the Court's February 20, 2024 Order dismissed the claims under the California Computer Data Access And Fraud Act brought by Plaintiffs Bui-Ford, Cao, Walker, Damji, Rumann, Schaefer, Meas, Ward, and Butler.

99.    Tesla admits that Plaintiffs purport to bring this claim individually and on behalf of a putative classes.  Tesla denies the remaining allegations in Paragraph 99, including that any class can be certified, or that non-California Plaintiffs can bring such a claim.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Century City

14

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

1      100.    Paragraph 100 of the Complaint purports to characterize a statute that speaks for

2  itself, and any characterization is denied.  By way of further response, the allegations in Paragraph

3  100 of the Complaint contain conclusions of law and they are therefore denied.

4      101.    Paragraph 101 of the Complaint purports to characterize a statute that speaks for

5  itself, and any characterization is denied.  By way of further response, the allegations in Paragraph

6  101 of the Complaint contain conclusions of law and they are therefore denied.

7      102.    Paragraph 102 of the Complaint purports to characterize a statute that speaks for

8  itself, and any characterization is denied.  By way of further response, the allegations in Paragraph

9  102 of the Complaint contain conclusions of law and they are therefore denied.

10      103.    Paragraph 103 of the Complaint purports to characterize a statute that speaks for

11  itself, and any characterization is denied.  By way of further response, the allegations in Paragraph

12  103 of the Complaint contain conclusions of law and they are therefore denied.

13      104.    Paragraph 104 of the Complaint purports to characterize a statute that speaks for

14  itself, and any characterization is denied.  By way of further response, the allegations in Paragraph

15  104 of the Complaint contain conclusions of law and they are therefore denied.

16      105.    Paragraph 105 of the Complaint purports to characterize a statute that speaks for

17  itself, and any characterization is denied.  By way of further response, the allegations in Paragraph

18  105 of the Complaint contain conclusions of law and they are therefore denied.

19      106.    Paragraph 106 of the Complaint purports to characterize a statute that speaks for

20  itself, and any characterization is denied.  By way of further response, the allegations in Paragraph

21  106 of the Complaint contain conclusions of law and they are therefore denied.

22      107.    Paragraph 107 of the Complaint purports to characterize a statute that speaks for

23  itself, and any characterization is denied.  By way of further response, the allegations in Paragraph

24  107 of the Complaint contain conclusions of law and they are therefore denied.

25      108.    Denied.

26      109.    Denied.

27      110.    Denied.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

15

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

111.    Denied.

112.    Denied.

113.    Denied.

**COUNT THREE**

**RESPONSE TO ALLEGATIONS AS TO THE CALIFORNIA UNFAIR COMPETITION LAW**
**(CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*)**

114.    The Unfair Competition Law ("UCL") claims have been dismissed, and the allegations in Paragraph 114–21 are denied.

115.    The UCL claims have been dismissed, and the allegations in Paragraph 114–21 are denied.

116.    The UCL claims have been dismissed, and the allegations in Paragraph 114–21 are denied.

117.    The UCL claims have been dismissed, and the allegations in Paragraph 114–21 are denied.

118.    The UCL claims have been dismissed, and the allegations in Paragraph 114–21 are denied.

119.    The UCL claims have been dismissed, and the allegations in Paragraph 114–21 are denied.

120.    The UCL claims have been dismissed, and the allegations in Paragraph 114–21 are denied.

121.    The UCL claims have been dismissed, and the allegations in Paragraph 114–21 are denied.

**COUNT FOUR**

**TRESPASS TO CHATTEL**

122.    No responsive pleading is required for the allegations in Paragraph 122 of the Complaint.  Tesla hereby incorporates by references its responses to the preceding paragraphs as if

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

16

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

fully set forth herein.  By way of further response, the Court has demised the trespass to chattel claims of Plaintiffs Manuel and Ward under Texas law.

123.    Tesla admits only that Plaintiffs purport to bring this claim individually and on behalf of putative classes.  Tesla denies the remaining allegations in Paragraph 123, including that any class can be certified, or that non-California Plaintiffs can assert trespass to chattel claims under California law.

124.    The allegations in Paragraph 124 of the Complaint contain conclusions of law, to which no responsive pleading is required, and which are therefore denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

**B.      Claims brought on behalf of the Arizona Sub-Class**

**COUNT ONE**

**RESPONSE TO ALLEGATIONS AS TO TRESPASS TO CHATTEL CLAIMS**

130.    No responsive pleading is required for the allegations in Paragraph 130 of the Complaint.  Tesla hereby incorporates by references its responses to the preceding paragraphs as if fully set forth herein.

131.    Tesla admits only that Plaintiffs purport to bring this claim individually and on behalf of putative classes.  Tesla denies the remaining allegations in Paragraph 131, including that any class can be certified.

132.    The allegations in Paragraph 132 of the Complaint contain conclusions of law, to which no response is required, and they are denied.  To the extent the remaining allegations in Paragraph 132 are deemed in whole or in part to be factual, Tesla denies them.

133.    Denied.

134.    Denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

17

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

135.    Denied.

136.    Denied.

137.    Denied.

**C.    Claims brought on behalf of the Florida Sub-Class**

**COUNT ONE**

**RESPONSE TO TRESPASS TO CHATTEL CLAIMS UNDER FLORIDA LAW**

138.    No responsive pleading is required for the allegations in Paragraph 138 of the Complaint.  Tesla hereby incorporates by references its responses to the preceding paragraphs as if fully set forth herein.

139.    Tesla admits only that Plaintiffs purport to bring this claim individually and on behalf of putative classes.  Tesla denies the remaining allegations in Paragraph 139, including that any class can be certified.

140.    The allegations in Paragraph 140 of the Complaint contain conclusions of law, to which no response is required, and they are denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

**D.    Claims brought on behalf of the Michigan Sub-Class**

**COUNT ONE**

**RESPONSE TO TRESPASS TO CHATTEL CLAIMS UNDER MICHIGAN LAW**

146.    No responsive pleading is required for the allegations in Paragraph 146 of the Complaint.  Tesla hereby incorporates by references its responses to the preceding paragraphs as if fully set forth herein.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

18

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

147.    Tesla admits only that Plaintiffs purport to bring this claim individually and on behalf of putative classes.  Tesla denies the remaining allegations in Paragraph 147, including that any class can be certified.

148.    The allegations in Paragraph 148 of the Complaint are conclusions of law, to which no responsive pleading is required, and they are denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

**E.      Claims brought on behalf of the Texas Sub-Class**

**COUNT ONE**

**RESPONSE TO TRESPASS TO CHATTEL CLAIMS UNDER TEXAS LAW**

153.    The Court dismissed the trespass to chattel claims under Texas law in its January 20, 2024 Order.  As a result, the allegations in Paragraphs 153–60 are denied.

154.    The Court dismissed the trespass to chattel claims under Texas law in its January 20, 2024 Order.  As a result, the allegations in Paragraphs 153–60 are denied.

155.    The Court dismissed the trespass to chattel claims under Texas law in its January 20, 2024 Order.  As a result, the allegations in Paragraphs 153–60 are denied.

156.    The Court dismissed the trespass to chattel claims under Texas law in its January 20, 2024 Order.  As a result, the allegations in Paragraphs 153–60 are denied.

157.    The Court dismissed the trespass to chattel claims under Texas law in its January 20, 2024 Order.  As a result, the allegations in Paragraphs 153–60 are denied.

158.    The Court dismissed the trespass to chattel claims under Texas law in its January 20, 2024 Order.  As a result, the allegations in Paragraphs 153–60 are denied.

159.    The Court dismissed the trespass to chattel claims under Texas law in its January 20, 2024 Order.  As a result, the allegations in Paragraphs 153–60 are denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

19

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

160.    The Court dismissed the trespass to chattel claims under Texas law in its January 20, 2024 Order.  As a result, the allegations in Paragraphs 153–60 are denied.

**F.    Claims brought on behalf of the Virginia Sub-Class**

**COUNT ONE**

**RESPONSE TO TRESPASS TO CHATTEL CLAIMS UNDER VIRGINIA LAW**

161.    No responsive pleading is required for the allegations in Paragraph 161 of the Complaint.  Tesla hereby incorporates by references its responses to the preceding paragraphs as if fully set forth herein.

162.    Tesla admits only that Plaintiffs purport to bring this claim individually and on behalf of putative classes.   Tesla denies the remaining allegations in Paragraph 162, including that any class can be certified.

163.    The allegations in Paragraph 163 of the Complaint contain conclusions of law, to which no response is required, and they are therefore denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

**G.    Claims brought on behalf of the Washington Sub-Class**

**COUNT ONE**

**RESPONSE TO TRESPASS TO CHATTEL CLAIMS UNDER WASHINGTON LAW**

169.    No responsive pleading is required for the allegations in Paragraph 169 of the Complaint.  Tesla hereby incorporates by references its responses to the preceding paragraphs as if fully set forth herein.

170.    Tesla admits only that Plaintiffs purport to bring this claim individually and on behalf of putative classes.  Tesla denies the remaining allegations in Paragraph 170, including that any class can be certified.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

20

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

171.    The allegations in Paragraph 171 of the Complaint contain conclusions of law, to which no response is required, and they are therefore denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

**RESPONSE TO PRAYER FOR RELIEF**

Tesla disputes and denies that Plaintiffs are entitled to any of the legal relief requested. Tesla contends that class certification is inappropriate, unwarranted, and unsupported by the applicable facts and law.

**RESPONSE TO PLAINTIFFS' DEMAND FOR JURY TRIAL**

Plaintiffs' demand for a jury trial constitutes a conclusion of law or legal argument, and no admission or denial is therefore necessary.  Tesla demands a trial by jury of all issues so triable in his action.

**<u>TESLA'S DEFENSES</u>**

Tesla denies Plaintiffs' claims, that this case is suitable for class treatment, that any Plaintiff is entitled to any relief, or that any Plaintiff is entitled to judgment against Tesla, as requested in the Prayer for Relief.   Further, Tesla has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses asserted herein are based on Tesla's knowledge, information, and belief as of this writing, and Tesla specifically reserves the right to modify, amend, or supplement any defenses contained herein at any time.  Without conceding the burden of proof as to any one of them, Tesla alleges the following separate defenses to the Complaint.

Tesla expressly reserves the right to assert additional defenses that may appear and prove applicable during the course of this litigation.  By asserting the defenses below against Plaintiffs

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

21

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

and putative class members, Tesla does not assume any burden of proof that is not imposed by any applicable law:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.     The Complaint fails to and cannot state facts sufficient to constitute a cause of action upon which relief can be granted against Tesla.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2.     Plaintiffs' claims and the claims of the putative class members, or some of them, are barred in whole or in part by all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to State a Class Action)

3.     The Complaint fails to state facts sufficient to constitute a class action. Accordingly, this case is not suitable for class action treatment.

### FOURTH AFFIRMATIVE DEFENSE

#### (No Class Can Be Certified)

4.     This action cannot be maintained as a class action because Plaintiffs and the putative class cannot satisfy any of the requirements of Rule 23 of the Federal Rules of Civil Procedure, including because the proposed class is not ascertainable, Plaintiffs are not adequate class representatives, Plaintiffs' claims are not typical, individualized issues will predominate, the proposed class is not cohesive, and a class action is not a superior way of proceeding.

### FIFTH AFFIRMATIVE DEFENSE

#### (Agreement to Arbitrate/Class Action Waiver)

5.     Some or all of the claims made in the Complaint, including claims made on behalf of the putative plaintiff class, must be resolved through arbitartion because the purchase argeements, lease agreements, or financinig agreements to which some or all members of the proposed putative plaintiff class purchased or leased or financed their vehicles contain an

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

22

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

arbitration or class action waiver clause or both.  Because Plaintiffs have not yet provided their VIN numbers, Tesla has not yet been able to assess whether any of the named Plaintiffs' claims are subject to arbitration on an individual basis.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent and/or Authorization)

6.     Plaintiffs' claims and/or the claims of some or all of the putative class members are barred, in whole or in part, because of the Plaintiffs' ratification, agreement, acquiescence or consent to Tesla's alleged conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing of Putative Class Members)

7.     This action cannot be maintained as a class action because Plaintiffs seek to certify a putative class that consists of members who lack Article III and have not suffered any concrete or particularized injury caused by any act or omission of Tesla.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Standing of Plaintiffs)

8.     Plaintiffs lack standing to assert the claims alleged in the Complaint and further lack standing to serve as representatives for the putative class asserted in the Complaint. Plaintiffs have not suffered injury, including any monetary loss or diminution in the value of their vehicles, that was caused by any conduct or omission of Tesla and that can be redressed by a court.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.     Plaintiffs' claims and the claims of some or all of the putative class members are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (No Liability)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

23

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

10.     The Complaint, and each purported cause of action therein, and the alleged violations on which each purported cause of action are based, are barred, in whole or in part, because Tesla has complied with and performed fully any and all obligations imposed on it by law, contract, or equity, and any obligation owed to Plaintiffs have been satisfied, released or otherwise discharged.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Justification)

11.     Tesla alleges that it engaged in conduct that was justified under the law, and that that Tesla always acted in full compliance with its statutory obligations and is not liable for any purported injuries or claims which Plaintiffs now assert.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Laches)

12.     The claims of Plaintiffs and/or putative class members are barred in whole or in part by the doctrine of laches by reason of Plaintiffs' unreasonable delay in commencing this action, which delay has caused prejudice to Tesla.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

13.     As a result of the acts, conduct, statements, representations, and/or omissions of the Plaintiffs and/or each of their agents, including, but not limited to, their voluntary downloading and authorization of software updates, and Tesla's reliance thereon, Plaintiffs are estopped from asserting every cause of action and claim for relief averred in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (No Extraterritorial Application Of California Law)

14.     Plaintiffs who do not reside in California and who have suffered no injury in California lack standing to and/or cannot bring claims under California law.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (No Damages)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

24

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

15.     Plaintiffs' request, and the requests of some or all of the putative class members for damages, is barred because the damages they seek would result in them receiving more money than they are entitled to and have otherwise not sustained any damages because of Tesla's conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

16.     Plaintiffs' claims are barred in whole or in part by the voluntary payment doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

17.     If Plaintiffs have suffered damages by virtue of any conduct, acts or omissions of Tesla, which is denied, Plaintiffs have failed to mitigate such damage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

18.     As a result of the acts, conduct, or omissions of the Plaintiffs or each of their agents, every cause of action and claim for relief averred in the Complaint has been waived.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Overbroad Class Definitions)

19.     The proposed class definitions are grossly overbroad and cannot be certified as defined.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Due Process Rights)

20.     This action cannot be maintained as a class action because class certification whould violate Tesla's rights as provided by the Fifth, Seventh, and Fourteenth Amendments to the United Sates Constitution, including but not limited to, due process rights to procedural and substantive safeguards, which include traditional defenses to liability.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

25

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Justification and Privilege)**

21.     Tesla's actions, if any, respecting the subject matters alleged in the Complaint, and the claims for relief asserted therein, were undertaken in good faith, with the absence of malicious intent, and constitute lawful, proper, and justified means to further Tesla's purpose of engaging in and continuing its business.  By reason thereof, Plaintiffs are barred, in whole or in part, from recovery on the claims for relief alleged in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Complaince With Law)**

22.     At all time relevant herein, the conduct of Tesla alleged in the Complaint conformed to all applicable statutes, government regulations, and industry standards applicable thereto.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Acts of Others/Intervening or Superseding Cause)**

23.     Tesla asserts that Plaintiffs' damages, if any, were the result of one or more intervening or superseding causes, or caused by the acts or failures to act of persons or entities other than Tesla, and were not the result of any acto or omission on the part of Tesla.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to State Punitive Damages)**

24.     The Complaint fails to state a cause of action or facts that would support the awarding of punitive damages against Tesla.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Barred)**

25.     Plaintiffs' claim for punitive or exemplary damages is barred by the Due Process Clause of the Fourteenth Amendment or by the proscription of the Eighth Amendment to the United States Constitituion, as applied to the States through the Fourteenth Amendment, prohibiting the imposition of excessive fines.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

26

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Personal Jurisdiction)**

26.    Pursuant to *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017) and its progeny, personal jurisdiction is lacking with respect to any claims brought by putative class members who did not suffer any injury in California or who did not purchase any vehicles in California.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Malice, Oppression or Fraud)**

27.    Tesla has made a good faith effort to comply with all applicable laws, and has not engaged in any alleged conduct with malice or reckless indifference to the protected rights of any aggrieved individual, and, thus, Plaintiffs are not entitled to punitive damages.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Fault of the Plaintiffs)**

28.    Tesla asserts that each cause of action is barred because any damages or losses that Plaintiffs have alleged, if they exsit, were proximately caused or contributed to by the negligence or conduct of Plaintiffs, thereby barring or reducing Plaintiffs' recovery.

**RESERVATION OF RIGHTS**

Tesla expressly reserves the right to assert such additional defenses that may prove applicable during this litigation. Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend its Answer to assert any such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.    That the Court denies Plaintiffs' request to certify this action as a class action;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

27

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321

1    2.    That Plaintiffs take nothing by reason of the Complaint and that the Complaint be

2    dismissed in its entirety with prejudice;

3    3.    That judgment be entered in favor of Tesla and against Plaintiffs on all claims

4    alleged in the Complaint;

5    4.    That Tesla be awarded its reasonable costs of suit incurred herein;

6    5.    That Tesla be awarded its reasonable attorneys' fees incurred in defending this

7    action pursuant to applicable law, or any other applicable statutory attorney fee provision(s); and

8    6.    That the Court award Tesla such other and further relief as the Court deems just and

9    proper.

10

11

12   DATED:  April 9, 2024                    Respectfully submitted,

       MORGAN, LEWIS & BOCKIUS LLP
13     David L. Schrader
       Brian M. Ercole
14     Mark A. Feller
       Melissa M. Coates
15

16                                      By *s/ David L. Schrader*

17

18                                      *Attorneys for Defendant Tesla, Inc.*

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

28

TESLA'S ANSWER AND AFFIRMATIVE
DEFENSES
CASE NO. 3:23-CV-02321